The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion concerning the fee charged for the releasing of financing statements. Specifically, you have attached a letter from a constituent which indicates that the Greene County Clerk's Office charges a six dollar fee for filing a financing statement on crops, and also at that time, charges a six dollar fee for the termination of that financing statement. Your constituent is concerned that the charging of the termination statement fee in advance is unlawful, and is, in effect, charging for services not yet rendered.
For the reasons that follow, it is my opinion that there is no provision of the Arkansas Code which prohibits the advance termination charge, just as there is none which authorizes it. It is my opinion, nonetheless, that a party required to pay the termination statement charge at the time of filing the financing statement could properly refuse to do so.
The six dollar fees charged upon the filing of financing statements and termination statements, are authorized under A.C.A.4-9-403(5) and 4-9-404(3). These sections provide respectively:
 (5) The uniform fee for filing and indexing and for stamping a copy furnished by the secured party to show the date and place of filing for an original financing statement or for a continuation statement shall not exceed six dollars ($6.00).
* * *
 (3) The uniform fee for filing and indexing a termination statement including sending or delivering the financing statement shall not exceed six dollars ($6.00).
It is my opinion that the statutes above contemplate the charging of the six dollar fee upon the filing of the relevant statement, whether it be the original financing statement, a continuation statement, a financing statement showing an assignment, or a termination statement. At the time a financing statement is originally filed, a termination statement is not. The termination statement is not filed until there are no outstanding secured obligations, no commitment to make advances, incur obligations, or otherwise give value. See A.C.A. 4-9-404(1). This can, in some instances, be many years after the filing of the original financing statement.
For these reasons, it is my opinion that although there is no express provision of statutory law prohibiting the charging of the termination statement fee in advance, the fee should generally be charged at the actual time of the filing of the termination statement, and not in advance at the time of the filing of the original financing statement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General